UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

```
OTELS, INC.                    )
                               )
        Plaintiff,             )
                               )    Case No.: 1:07cv00551
                               )           (GBL/TRJ)
                               )
METIN ALTUN, and               )
METGLOBAL, INC.,               )
                               )
        Defendants.            )
```

Plaintiff, Otels, Inc. hereby identifies and discloses, subject to supplementation, the following potential expert witnesses who may be called to testify on behalf of Plaintiff at trial.

1. Ms. Aysegul Acra-Dreyer
   3431 Blair Road
   Falls Church, VA 22041
   (703) 993-1957

2. Mr. Alexey Kovalev
   3020 Kenwick Rd.
   Falls Church, VA 22042

3. Robert M. Anderson
   5612 South 1st Street
   Arlington, VA 22204-1104

It is anticipated that Ms. Acar-Dreyer will testify she is fluent in the English and Turkish languages, and has worked as a translator and interpreter in the Turkish language since 1983. She has also taught Turkish to U.S. diplomats and other government agency officials at various

Otels, Inc. v. MetGlobal et. al.
Page 2

language schools in Washington, D.C. A copy of her resume is attached.

It is anticipated she will also testify that the Turkish word for "hotel" is "otel," and that the word "otel" has no common meaning in the English language.

She is also expected to testify that the Turkish word for "hotels" is "oteller."

She will also testify that she is aware that the Plaintiff in this case has registered the trademark OTELS, and that the mark OTELS has no meaning in the Turkish language.

Finally, she will testify regarding the meaning the average Turkish-speaking person would attach to the mark OTELS.

It is anticipated that Mr. Kovalev will testify that he graduated from Moscow Art Theatre School in 1966 and worked as an actor and director in Moscow theatres, in TV and Radio production and films. He is fluent in the English and Russian languages.

It is anticipated he will testify that he immigrated to the United States in 1981, and, in 1984, he joined the Russian Service of the Voice of America(VOA).From 1986 to 1996 he served as Chief of the Cultural desk. During his 26 years at the VOA he translated countless scripts for

Otels, Inc. v. MetGlobal et. al.
Page 3

broadcasting to Russia on such topics as politics, history, science, agriculture, arts, music, theatre, literature, movies etc. and produced several English lessons series of broadcasts. He received numerous VOA awards for best programming. In 1987 he was awarded Gold medal at New York International Radio Festival.

He published several articles and short stories and two novels in Russian in 1991 and 2003. The last one *Sisyphus* has been published in Russia by *Limbus Press* and received several book awards nominations including Russian Booker

A copy of his resume is attached.

It is also expected he will testify that the Russian word "ГОСТИНИЦа," (transliteration "gostinitsa") means "hotel" in English,

It is also expected he will testify that the Russian word "ОТЕЛЬ" means "hotel," and that there is no transliteration of that term in English.

He is also expected to testify that there are no commonly-accepted Russian words for "hotel" other than these two words.

Finally, it is expected he will testify that he is aware that the Plaintiff in this case has registered the trademark

Otels, Inc. v. MetGlobal et. al.
Page 4

OTELS, and that the word OTELS has no meaning in the Russian language.

Mr. Robert Anderson is expected to testify that he was employed by the United States Patent and Trademark Office from 1979 until 2004, starting as a Trademark examining attorney and rising to the position of Deputy Commissioner of Trademark Operations in the U.S. Patent and Trademark Office. A copy of his resume is attached.

It is expected he will testify that a Trademark application must be submitted in English. It is also expected that he will testify that under Trademark examination rules, if the examining attorney believes the mark in the application may be a non-English word and if there is no translation in the record, the examining attorney should attempt to ascertain the meaning of non-English wording through sources such as foreign language dictionaries before searching the mark. The examining attorney may also consult the Translations Branch of the USPTO. Further, it is expected he will testify that if a term has no dictionary meaning in a foreign language, the applicant is not required to provide a translation of that term even if the examining attorney requests such a translation, but instead would indicate to the examining attorney that the word does not have a meaning in English.

Finally, it is expected that Mr. Anderson will testify that he is familiar with the prosecution history of the OTELS mark, and that the applicant committed no fraudulent acts or omissions in relation to that application.

Otels, Inc. v. MetGlobal et. al.
Page 5

                Respectfully submitted,

                OTELS, INC
                Through his Counsel
                BIRCH, STEWART, KOLASCH & BIRCH, LLP


                ____/s/_____
                 Robert J. Kenney
                 Q. Rick Corrie
                 Attorneys for Plaintiff
                P.O. Box 747
                 Falls Church, VA 22040-0747


**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the PLAINTIFF'S EXPERT WITNESS DISCLOSURES was served on Ryan A. McGonigle, BAKER AND RANNELS, P.A., 575 Route 28, Suite 102, Raritan, NJ 08869, via electronic mail and first class mail on this 14th day of December, 2007.


                ____/s/_____
                   Robert J. Kenney